IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| BOBBY GENE MCALLISTER, | : | |
| Plaintiff | : | |
| VS. | : | |
| | : | 3 : 09-CV-26 (CDL) |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security, | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION**

The plaintiff herein filed this Social Security appeal on February 23, 2009, challenging the Commissioner's final decision denying his application for disability benefits, finding him not disabled within the meaning of the Social Security Act and Regulations. Jurisdiction arises under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted.

**LEGAL STANDARDS**

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983); *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial evidence, this court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence

preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239. "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius*, 936 F.2d at 1145-1146.

**ISSUES**

**I. Whether the Commissioner met the burden at Step Five in demonstrating that there are jobs in the national economy which the plaintiff is able to perform.**

**II. Whether the ALJ failed to properly evaluate the plaintiff's subjective complaints.**

*Administrative Proceedings*

The plaintiff filed an application for Supplemental Security Income on January 18, 2005. (T-49-51). His claims were denied initially and upon reconsideration. (T-26, 27). A hearing was held before an ALJ in Athens, Georgia on May 15, 2008. (T-197). Thereafter, in a hearing decision dated June 27, 2008, the ALJ determined that the plaintiff was not disabled. (T-15-24). The Appeals Council subsequently denied review and the ALJ's decision thereby became the final decision of the Commissioner. (T-4-6).

*Statement of Facts and Evidence*

The plaintiff was fifty-one (51) years of age at the time of the hearing before the ALJ, and forty-one (41) years of age on the original alleged onset of disability date, December 18, 1998. (T- 49, 15). He has past relevant work experience primarily as a painter. (T-53-56). As determined by the ALJ, Plaintiff suffers from severe impairments in the form of degenerative disc disease, status post lumbar diskectomy, neuropathy, hypertension, depressive disorder and personality disorder. (T-24). He asserts

2

that he became unable to work following an on-the-job accident in 1997. (T-202). The ALJ found that the plaintiff had not engaged in substantial gainful activity since January 18, 2005, but did not have an impairment or combination thereof that met or medically equaled a listed impairment, and further, remained capable of performing a reduced range of light work. (T-21). Although unable to return to his past relevant work, the ALJ determined that there were jobs that existed in significant numbers in the national economy which the plaintiff could perform, and he was thus not disabled. (T-24).

## DISCUSSION

**I. Did the Commissioner meet the burden at Step Five in demonstrating that there are jobs in the national economy which the plaintiff is able to perform?**

Under the regulations, the Commissioner evaluates a disability claim by means of a five step sequential evaluation process. 20 C.F.R. § 404.1520. In Step One, the Commissioner determines whether the claimant is working. In Step Two, the Commissioner determines whether a claimant suffers from a severe impairment which significantly limits his ability to carry out basic work activities. At Step Three, the Commissioner evaluates whether the claimant's impairment(s) meet or equal a listed impairment in Appendix 1 of Part 404 of the regulations. At Step Four, the Commissioner determines whether the claimant's residual functional capacity will allow a return to past relevant work. Finally, at Step Five, the Commissioner determines whether the claimant's residual functional capacity, age, education, and work experience allow an adjustment to other work.

The plaintiff argues initially that the ALJ erred in Step Five of his disability determination, specifically in that he set forth and relied on incomplete hypotheticals to the Vocational Expert and failed to obtain a new functional capacities evaluation. After determining that the plaintiff could not return to his past relevant work, the ALJ herein relied on the testimony of a Vocational Expert ("VE") and

determined that the plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy. (T - 24). Specifically, the ALJ relied on the VE's findings that

> the [plaintiff] would be able to perform the requirements of representative occupations such as assembler of optical goods, which is light, unskilled to minimally semi-skilled work with 40 job titles in the Dictionary of Occupational Titles and over 1 million such jobs nationally. Additionally, such an individual could work as a gated security guard, with 300 such jobs within 100 miles and 50,000 in the national economy; or as a parking deck cashier, with 500 such jobs within 100 miles and over 1 million in the national economy.
>
> T - 23-24.

The plaintiff maintains that the ALJ's hypotheticals to the VE were incomplete, in that they did not include mention of his borderline intellectual functioning, and failed to distinguish between "mild to moderate pain" and "moderately severe pain". (Doc. 17, p. 8). In posing hypothetical questions to a VE, the ALJ must comprehensively describe a claimant's impairments. *Pendley v. Heckler*, 767 F.2d 1561, 1562 (11th Cir. 1985). "[T]he answer by a VE to a hypothetical question may be relied upon as substantial evidence by an ALJ so long as the question takes into account the claimant's precise condition and limitations." *Holley v. Chater*, 931 F. Supp. 840, 851 (S.D.Fla. 1996).

The ALJ asked the VE to assume an individual with the plaintiff's age, education and work experience, "limited to a light exertional level, with climbing, stooping, and crouching limited to occasionally, with balancing, kneeling and crawling limited to frequently, and with some mental limitations consistent with Exhibit 6F". (T-209). As the Commissioner points out, this hypothetical refers the VE directly to a mental capacities assessment in which plaintiff was identified as having moderate limitations in performing detailed tasks, maintaining attention and concentration for extended

periods and sustaining an ordinary routine without special supervision, thus effectively including mental capacity limitations in the hypothetical. (T-162). Moreover, there is no indication, and plaintiff provides no explanation, as to how the ALJ's slight variations in explaining plaintiff's pain level resulted in inaccurate depictions of his overall condition. Thus, the ALJ's hypotheticals comprehensively described the plaintiff's mental and physical impairments.

The plaintiff also maintains that the ALJ should have obtained a new functional capacities evaluation, in that the evaluation in the record contained a provisional diagnosis of borderline intellectual functioning found to be of questionable reliability by evaluative examiner Dr. Schacher. The ALJ is charged with the duty of developing a full and fair record, meaning that the ALJ must "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts". *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). This court finds that the record was developed sufficiently to determine whether the ALJ's decision was supported by substantial evidence. As the Commissioner points out, the results of plaintiff's functional capacities evaluation of May 15, 1997, indicated that the plaintiff self-limited his performance results, but nonetheless could perform light level work during an eight hour day. (T-128). Dr. Stephen Schacher evaluated the plaintiff on June 21, 2005, at the request of the state agency, and determined that the plaintiff could perform light duty work. Dr. Schacher reviewed the 1997 functional evaluation, but stated that a new functional capacities evaluation would be needed for a more accurate measurement of functional capacity. (T-145-46). The ALJ properly reviewed and relied on the entire record in determining the plaintiff's residual functional capacity, of which Dr. Schacher's report and the 1997 evaluation were only two (2) parts thereof. The ALJ "is not required to function as the claimant's substitute counsel, but only to develop a reasonably complete record." *Clark v. Shalala*, 28 F.3d 828, 830-31 (8th Cir. 1994). The medical examinations of record show that the plaintiff

consistently had normal range of motion in his back and neck, with only mild weakness on his left side, and could likely perform above the light exertional level, thus providing substantial evidence to support the ALJ's residual functional capacity determination. (T-129, 144-48, 158-61).

**II. Did the ALJ fail to properly evaluate the plaintiff's subjective complaints?**

Finally, the plaintiff argues that the ALJ failed to properly assess his credibility, in that he improperly considered his treatment history and inconsistencies on examinations. If the Commissioner "finds evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity which can reasonably be expected to give rise to the alleged pain," then he must consider the claimant's subjective testimony of pain. *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992); *Hand v. Heckler*, 761 F.2d 1545 (11th Cir. 1985).

An individual's statement concerning pain is not alone conclusive evidence of a disability. 20 C.F.R. § 404.1529(a). Rather, the intensity and persistence of the pain must be considered, using plaintiff's testimony, including activities of daily living, and objective medical records as evidence. 20 C.F.R. § 404.1529(c). The Commissioner is entitled to "consider whether there are any inconsistencies in the evidence, and the extent to which there are any conflicts between [plaintiff's] statements and the rest of the evidence." 20 C.F.R. § 404.1529(c)(4). If plaintiff's testimony of pain and other symptoms can be reasonably accepted as consistent with the medical evidence, then plaintiff will be deemed disabled. However, if the Commissioner discredits such testimony, "he must articulate explicit and adequate reasons," or the testimony must be accepted as true. *Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988)**.**

The ALJ herein determined that:

> [a]fter considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent that they are inconsistent with the residual functional capacity assessment for the reasons explained below.
>
> The claimant's past behavior, including the poor effort on his work evaluation in 1997, severely detracts from his credibility. He appears to some degree to be motivated by secondary gain. In 2005, when seen for a consultative examination, the claimant prepared his own meals, drove, and watched television. He was not noted to walk with a limp. The following month, Dr. Block noted that the claimant walked with a limp. The claimant alleges severe, chronic pain, yet has not sought medical care and has not offered any explanation for his failure to seek medical care. He lives in an area that has sliding-fee and indigent medical care available.

(T - 22).

The plaintiff asserts that the ALJ's reasons for discrediting his subjective accounts of pain were insufficient. However, a review of the ALJ's decision and the medical record reveals that he properly evaluated the medical record as a whole in accordance with Social Security Ruling 96-7p and properly provided specific reasons for discrediting the plaintiff's subjective complaints, including consistent reports of significant daily physical activity and no reported attempts to obtain medical treatment, indigent or otherwise.

### *Conclusion*

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards,

**IT IS HEREBY RECOMMENDED** that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405(g). Pursuant to 28 U.S.C. § 636(b)(1), the parties may file

written objections to this recommendation with the Honorable Clay D. Land, United States District Judge, WITHIN FOURTEEN (14) DAYS of receipt thereof.

**SO RECOMMENDED**, this 23rd day of February 2010.

                                            **S/G. MALLON FAIRCLOTH**
                                            **UNITED STATES MAGISTRATE JUDGE**